[Crim. No. 717.   Second Appellate District, Division Two.—November 3, 1920.]

THE PEOPLE, Respondent, v. J. W. TRUITT, Appellant.

[1] CRIMINAL LAW — ROBBERY — ALIBI — CONFLICT OF EVIDENCE — APPEAL.—An appeal from a judgment of conviction of the crime of robbery which presents the single question of the sufficiency of the evidence to sustain the claim of an alibi is devoid of merit where the evidence is in substantial conflict.

[2] ID.—APPEAL—CONFLICTING EVIDENCE.—An argument based on the weight of evidence which is admittedly conflicting will not be considered by an appellate court in reviewing the conclusions of the jury.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Frank R. Willis, Judge.   Affirmed.

The facts are stated in the opinion of the court.

A. E. T. Chapman for Appellant.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy Attorney-General, and Thomas A. Wood for Respondent.

FINLAYSON, P. J.—Defendant was convicted of the crime of robbery.   His appeal presents the single question whether the evidence is sufficient to identify him as the person who committed the crime.   It is conceded that the robbery was committed by someone.

On the evening of December 12, 1919, a person, identified by Robert E. Sherman, the complaining witness, as this defendant, entered Sherman's drug-store at 4300 Pasadena Avenue, in the city of Los Angeles, and asked Sherman to sell him a small quantity of carbolic acid.   While in the back part of his drug-store, at the prescription case, engaged in filling the order for carbolic acid, Sherman heard the bell on the cash register ring.   Concluding therefrom that someone was trying to rifle the register, Sherman hurriedly returned to the front part of the store.   There, so Sherman testified, he was confronted by defendant.   Sherman testified that defendant presented a revolver at him just as he

returned from the rear of his store and ordered him to turn around and go back to the prescription case and stay there. Sherman further testified that, as he turned to go back to the prescription case, in obedience to defendant's command, he saw the defendant take eleven dollars in paper money from the cash register. In his identification of defendant as the person who entered the store and took the money from the register, Sherman, who was quite positive in his testimony, was corroborated by his wife, who testified that she fired two shots at the robber as he was walking from the store, and that, as she fired the second shot, the robber, who was then going out of the door, turned around and looked directly at her. She testified that she got a good look at him. She swore positively that defendant is the man at whom she fired the shots.

Defendant, his wife, sister, and brother-in-law testified that, at the time when the robbery was committed, defendant and wife were visiting his sister at the latter's home several miles distant from the drug-store where the robbery occurred. This testimony, if believed by the jury, would establish a complete alibi.

The substance of appellant's contention is that the testimony given by himself and relatives to establish an alibi was not overcome by that of Mr. and Mrs. Sherman identifying him as the person who entered the drug-store and took the money from the cash register. The substance of the argument advanced in support of this claim is that it is not probable that either Mr. or Mrs. Sherman, in the excitement of the moment, would pay such heed to the features of the robber that either could identify him at the time of the trial. This, and certain alleged discrepancies in the testimony of the prosecution's witnesses, constitute the sole reason for the appeal.

[1] Appellant's contention is addressed wholly to the credibility of the witnesses and the weight of the evidence—matters respecting which the jurors are the sole judges. [2] It is too thoroughly settled to require citation of authority that an argument based on the weight of evidence which is admittedly conflicting will not be considered by an appellate court in reviewing the conclusions of the jury. Our appellate jurisdiction in these cases is confined to questions of law. The futility of urging this court to hold, as a matter of law, that

the jury was not justified in finding against defendant on his claim of an alibi and in reaching the conclusion that he was the identical person who entered the drug-store and stole the eleven dollars from the cash register, must be apparent from the evidence as we have summarized it. The appeal is devoid of all merit.

Judgment affirmed.

Thomas, J., and Weller, J., concurred.